UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL O. HALE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-673-CCB-SJF |
| WESTVILLE CORR FACILITY, et al., | |
| Defendants. | |

## OPINION AND ORDER

Michael O. Hale, a prisoner without a lawyer, filed a complaint against nine defendants.[1] ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

## February 23, 2024 Incident

Hale, who is housed at the Miami Correctional Facility, initially alleges that, on February 23, 2024, he spoke with a prison mental health professional and told her that

---

[1] On August 16, 2024, Hale filed an unsigned supplement to his complaint seeking to add new claims and defendants to his case. ECF 6. Because Hale had not tendered an amended complaint containing all of his claims against all of the defendants he wished to sue, he was granted until October 11, 2024 to file an amended complaint. *See* N.D. Ind. L.R. 15-1. ECF 16. Hale did not file an amended complaint, and the court therefore is screening the complaint filed on August 9, 2024. ECF 1.

he was depressed and had suicidal thoughts because he was being treated inhumanely. ECF 1 at 13. Given his symptoms, he was moved to a receiving cell designed for suicide prevention. *Id.* Later that day, between 5:00 and 6:00 p.m., Ofc. Wakefield and a female custody officer who goes by the name of Sgt. S[2] came to Hale's cell and placed him in handcuffs and leg restraints. *Id.* Sgt. S said she did not have "time for this shit" and appeared to be unhappy because her shift was ending. *Id.*

Hale asserts that Sgt. S put her arm underneath his left arm in a wrestling hold and forced him to walk out of the pod into the hallway. *Id.* at 14. Hale told Sgt. S what she was doing was hurting his left shoulder. *Id.* However, Sgt. S kept pulling him. *Id.* At this point, Hale asserts he began to limp because of a prior back injury, but she kept telling him to walk faster. *Id.*

When they arrived in the hallway, Sgt. S called for backup and Lt. Kritlen and Ofc. Arnold came running into the hallway. *Id.* Hale told Lt. Kritlen he could not walk fast and was doing the best he could. *Id.* Lt. Kritlen then said in an angry manner, "You can walk faster, let's go." *Id.* Hale responded to Lt. Kritlen by saying, "Fuck you nigg**" after Lt. Kritlen squeezed Hale's left shoulder with his hand. *Id.* Ofc. Arnold, who was on Hale's left side and Ofc. Wakefield, who was on Hale's right side, grabbed Hale's arms and dragged him as fast as they could down the hallway, while punching him in his ribs and arms. *Id.* at 14-15. He was then placed in a receiving cell. *Id.* at 15.

---

[2] Hale has not named Sgt. S as a defendant.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, additional fact finding may demonstrate that the force used against Hale was not excessive, but giving him the benefit of the inferences to which he is entitled at this stage of the case, he has stated Eighth Amendment claims of excessive force against Ofc. Arnold and Ofc. Wakefield.

Hale next asserts that Lt. Kritlen had an opportunity to intervene when Ofc. Arnold and Ofc. Wakefield were dragging him down the hallway and punching him in his arms and ribs. ECF 1 at 15. However, he contends that Lt. Kritlen did not intervene because of the racial slur he made to him. *Id*. Hale states Lt. Kritlen and other officers called him a "racist bitch" after he was placed in the receiving cell out of camera view. *Id*. at 15-16. He claims they also said they would do things to Hale's food while he was in the receiving cell. *Id*. at 16.

State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force

but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citation omitted). It can plausibly be inferred that Lt. Kritlen had an opportunity to intervene and stop Ofc. Arnold and Ofc. Wakefield from dragging Hale down the hallway and assaulting him. Therefore, Hale has stated a claim for failure to intervene against Lt. Kritlen.

Hale asserts that following the February 23, 2024, assault, Ofc. Wakefield came to his cell and said, "I fucked [your] wife last night and I'm going to fuck her again tonite [sic]." ECF 1 at 17. In light of Ofc. Wakefield's statement, Hale filed a Prison Rape Elimination Act ("PREA") report alleging sexual harassment on the part of Ofc. Wakefield. *Id.* To the extent Hale is asserting violations of the PREA, his allegations cannot form the basis for a claim under 42 U.S.C. § 1983. *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). Therefore, Hale has not stated a claim here.

Also, following the February 23, 2024, assault, Hale asserts he received delayed and inadequate medical treatment for his injuries. ECF 1 at 16. He states Dr. Liaw never saw him after he was injured and weeks later when a CT scan of his arm was taken, it showed he had arthritis in his elbow area. *Id.* Furthermore, he filed healthcare requests in an attempt to receive medical treatment from the nursing staff, but he was never triaged for his injuries. *Id.*

The Eighth Amendment entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted

with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

While Hale argues Dr. Liaw did not provide him with medical treatment following the February 23, 2024, assault, he does not explain why he believes Dr. Liaw was responsible for treating him or that Dr. Liaw knew he needed medical treatment. He also does not describe what treatment he received other than he had a CT scan of his elbow. Because his allegations do not amount to deliberate indifference, he has not stated a claim against Dr. Liaw.

Hale next asserts that Ofc. Wakefield made several harassing statements to him following the February 23, 2024, assault. ECF 1 at 17. He states Ofc. Wakefield approached when a medical test was being performed and stated, "Your [sic] not going to snitch on us to medical staff are you?" *Id*. At some point, Ofc. Wakefield also stopped by Hale's cell and told Hale he would tell the prison's internal affairs staff that Hale was unresponsive in his cell and he entered it while Hale was asleep. *Id*. Hale reported these events to the internal affairs office. *Id*. Hale's allegations, however, do not violate the

constitution because mere verbal harassment does not state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."). Hale may not proceed here.

Hale, who is Caucasian, further alleges that African American custody staff discriminated against him on the basis of his race. ECF 1 at 17. He asserts that, while African American inmates can say the word "Nigg**" to custody staff without being assaulted, he was brutally beaten for saying the word "Nigg**" to Lt. Kritlen because he is Caucasian. *Id*. at 18.

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Hale must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group." *Id*. He has not plausibly alleged that he was singled out for disparate treatment due to his race. Rather, Hale was already being taken down the

hallway in a manner he found to be aggressive before he made the racial slur to Lt. Kritlen. His allegations are insufficient to state an equal protection claim.

<u>**April 15, 2024 Incident**</u>

On April 15, 2024, Hale alleges he got into a verbal altercation with Ofc. Heaven Gooden because she would not allow him to take a shower early that morning. ECF 1 at 4. He asserts Ofc. Gooden said to him, "Fuck you Hale you are a check in Bitch." *Id*. He responded to her by saying, "And you are a Nigg** Bitch!" *Id*. Hale says he made the comment to her in a joking manner. *Id*.

At about 10:00 a.m. on April 15, Sgt. Rojay L. Thomas and Ofc. Quinton Davis approached Hale's cell. *Id*. Sgt. Thomas appeared to be angry and told Hale to cuff up. *Id*. Hale asked Sgt. Thomas why he had to cuff up and Sgt. Thomas told Hale it was because he was unresponsive. *Id*. Hale told him he was feeling fine and was responsive. *Id*. Sgt. Thomas told Hale that, if he did not cuff up, he would come into his cell and cuff him. *Id*. Hale states he cuffed up and was escorted down the hallway past the kiosk room where Sgt. Thomas punched him in his stomach, causing him to fall to the floor. *Id*. Giving Hale the benefit of the inferences to which he is entitled at this stage of the case, he has stated an Eighth Amendment claim of excessive force against Sgt. Thomas.

Sgt. Thomas and Ofc. Davis next escorted Hale to Lt. Kritlen's office. ECF 1 at 5. Before Lt. Kritlen arrived at his office, Sgt. Thomas hit Hale in his throat with the side of his hand. *Id*. When Lt. Kritlen arrived at his office, Hale told Lt. Kritlen that he had been assaulted by the two officers. *Id*. Lt. Kritlen asked Hale about the racial slur he made to Ofc. Gooden and Hale told him what he said to her. *Id*. Lt. Kritlen became angry and

7

left his office. *Id*. Hale asserts Sgt. Thomas and Ofc. Davis then assaulted him again.
Hale contends that Lt. Kritlen knew that Sgt. Thomas and Ofc. Davis would assault
Hale when he left his office. *Id*. Giving Hale the benefit of the inferences to which he is
entitled at this stage of the case, he has stated Eighth Amendment claims of excessive
force against Sgt. Thomas and Ofc. Davis. Hale has also plausibly alleged a failure to
intervene claim against Lt. Kritlen because he allegedly knew Sgt. Thomas and Ofc.
Davis would assault him and did nothing to prevent it.

Sgt. Thomas and Ofc. Davis next escorted Hale out of Lt. Kritlen's office and took
him to a conference where they took turns assaulting him while he was handcuffed and
shackled. ECF 1 at 6. At one point, Sgt. Thomas removed Hale's cuffs and told him he
would have to fight him. *Id*. However, Hale told Sgt. Thomas he could not fight him
because of his stomach injury. *Id*. Sgt. Thomas then put Hale's cuffs back on him and
pulled Hale over a table and punched him in his upper torso at least three times. *Id*. at
6-7. Sgt. Thomas also held Hale over the table and tased him two times. *Id*. at 7. Ofc.
Davis called Ofc. Gooden on his radio and asked her to come to the conference room. *Id*.
When Ofc Gooden arrived at the conference room, Sgt. Thomas held a taser to Hale's
neck and stated, "apologize to her mother fucker!" *Id*. Hale told Ofc. Gooden he was
sorry and then she walked away. *Id*. Hale asserts Ofc. Gooden knew Sgt. Thomas and
Ofc. Davis had planned to assault him. *Id*. Giving Hale the benefit of the inferences to
which he is entitled at this stage of the case, he has stated Eighth Amendment claims of
excessive force against Sgt. Thomas and Ofc. Davis. He has also plausibly alleged a

failure to intervene claim against Ofc. Gooden because she allegedly knew about the assault and did nothing to prevent it.

After Ofc. Gooden left the conference room, Ofc. Davis choked and slammed Hale to the ground. ECF 1 at 8. Ofc. Davis punched, stomped on, and kicked Hale until he defecated on himself. *Id*. Ofc. Davis said while he was assaulting Hale, "you better never call another female officer the 'N' word." *Id*. Ofc. Davis then told Hale he was a racist. *Id*. He also asserts that, while they were still in the conference room, Ofc. Thomas threatened Hale's life by stating that, if he told his lawyer, the police, or the internal affairs office about the assault, he would kill him and there are ways of doing it without anyone finding out. *Id*. Giving Hale the benefit of the inferences to which he is entitled at this stage of the case, he has stated an Eighth Amendment claim of excessive force against Ofc. Davis.

Following the assaults, Hale spoke to custody staff and nurses who walked past his cell to tell them Sgt. Thomas and Ofc. Davis assaulted him and he was injured. ECF 1 at 9. However, no one responded to him. *Id*. He states he yelled for help all night long after the assaults, but no one helped him. *Id*. Hale asserts he submitted healthcare request forms to get treatment for injuries to his back, shoulders, neck, ribs, legs, stomach, and headaches. *Id*. Hale alleges Dr. Liaw would not treat him because Dr. Liaw wanted to cover up the assaults and Hale had previously filed grievances and lawsuits against Centurion Health. *Id*. at 9-10. Hale asserts he is in pain every day and is not receiving medication. *Id*. Here, Hale does not allege that Dr. Liaw knew he needed medical treatment following the April 15, 2024, assaults. He has also not described the

medical treatment he received from the medical staff. Therefore, he may not proceed against Dr. Liaw.

Hale further asserts that Sgt. Thomas wrote a false conduct report to cover up the April 15, 2024, assaults. ECF 1 at 11. The conduct report charged Hale with violating Indiana Department of Correction offense B-213 because he had threatened to throw feces on Ofc. Gooden as she was going to pass by his cell door. ECF 1-1 at 2. However, Hale asserts video evidence showed Sgt. Thomas was nowhere near the alleged incident when he wrote the conduct report. ECF 1 at 11. Thus, he asserts that by Sgt. Thomas claiming he had been taken out of his cell and placed on strip cell when the assaults occurred, he was able to cover  them up. *Id.*

Hale does not say if he was found guilty of the disciplinary offense or if he lost credit time. If Hale lost credit time, he could not pursue a claim that he was wrongfully charged until the guilty finding was overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."). Furthermore, "[f]alsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." *Perotti v. Quinones*, 488 F. App'x 141, 146 (7th Cir. 2012) (*citing Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006)). Hale has not alleged that the charge was brought in retaliation

for First Amendment activity. He instead alleges that the charge was brought to cover up the officer's use of excessive force. He has not stated a claim here.

Additionally, to the extent Hale claims the April 15, 2024, assaults were racially motivated beatings given the racial slur he made to Ofc. Gooden, he has not plausibly alleged he was singled out for disparate treatment due to his race. ECF 1 at 6. Hale has not stated a claim here.

Hale has also sued four unnamed nurses alleging he did not receive medical care following the February 23, 2024 and April 15, 2024, assaults. He generally alleges he filed healthcare requests, but the nursing staff did not triage his injuries. ECF 1 at 16. He also asserts he tried to speak to nurses who walked past his cell about his injuries, but no one would help him. *Id*. at 9. Because his allegations are too vague to state a claim, he may not proceed against the four unnamed nurses.

As a final matter, Hale has sued the Westville Correctional Facility. However, Westville Correctional Facility is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because Westville Correctional Facility is not a suable entity, Hale may not proceed against it.

For these reasons, the court:

(1) **GRANTS** Michael O. Hale leave to proceed against Ofc. Arnold and Ofc. Wakefield in their individual capacities for compensatory and punitive damages for using excessive force against Hale on February 23, 2024, in violation of the Eighth Amendment;

(2) **GRANTS** Michael O. Hale leave to proceed against Lt. Kritlen in his individual capacity for compensatory and punitive damages for failing to intervene in Ofc. Arnold's and Ofc. Wakefield's use of excessive force against Hale on February 23, 2024, in violation of the Eighth Amendment;

(3) **GRANTS** Michael O. Hale leave to proceed against Sgt. Rojay L. Thomas in his individual capacity for compensatory and punitive damages for using excessive force against Hale on April 15, 2024, in violation of the Eighth Amendment, when he assaulted him in the hallway, Lt. Kritlen's office, and conference room;

(4) **GRANTS** Michael O. Hale leave to proceed against Ofc. Quinton Davis in his individual capacity for compensatory and punitive damages for using excessive force against Hale on April 15, 2024, in violation of the Eighth Amendment, when he assaulted him in Lt. Kritlen's office and conference room;

(5) **GRANTS** Michael O. Hale leave to proceed against Lt. Kritlen in his individual capacity for compensatory and punitive damages for failing to intervene in Sgt. Thomas's and Ofc. Davis's use of excessive force against Hale on April 15, 2024, in violation of the Eighth Amendment;

(6) **GRANTS** Michael O. Hale leave to proceed against Ofc. Heaven Gooden in her individual capacity for compensatory and punitive damages for failing to intervene in Sgt. Thomas's and Ofc. Davis's use of excessive force against Hale on April 15, 2024, in violation of the Eighth Amendment;

(7) **DISMISSES** all other claims;

(8) **DISMISSES** Westville Correctional Facility, Dr. Liaw, and Nurses;

(9) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ofc. Arnold, Ofc. Wakefield, Lt. Kritlen, Sgt. Rojay L. Thomas, Ofc. Quinton Davis, and Ofc. Heaven Gooden at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(10) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Ofc. Arnold, Ofc. Wakefield, Lt. Kritlen, Sgt. Rojay L. Thomas, Ofc. Quinton Davis, and Ofc. Heaven Gooden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 1, 2025.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT